Citation Nr: 1536761 
Decision Date: 08/27/15 Archive Date: 09/04/15

DOCKET NO. 09-48 351 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUES


1. Entitlement to service connection for a left ear hearing loss disability. 

2. Entitlement to an initial compensable rating for right ear hearing loss. 


REPRESENTATION

Appellant represented by: Texas Veterans Commission


ATTORNEY FOR THE BOARD

S. Sparker, Associate Counsel




INTRODUCTION

The Veteran served on active duty from August 1979 to May 1982, and from March 1984 to February 1986. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a January 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas. The Board remanded this case in August 2014 for further development. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

While the Board regrets the delay, this claim must be remanded again for further development to ensure that it is afforded every due consideration, and to aid the Board in making an informed decision. 

A supplemental opinion must be obtained regarding the likelihood that the Veteran's current left ear hearing loss was caused by in-service noise exposure or acoustic trauma from his duties during both periods of active service. In this regard, the examiner stated in the March 2015 VA examination report that because the Veteran's second-tour duties remained the same as his first-tour duties and he did not exhibit left ear hearing loss during his first period of active service, it was unlikely his left ear hearing loss was related to in-service noise exposure on his second tour. The Board finds this rationale insufficient as it does not explain why normal left ear hearing during the Veteran's first period of active service leads to a finding that his hearing loss would not be related to noise exposure from his second period, including the possibility of hearing loss from the cumulative impact of noise exposure from both periods. It also does not address the issue of whether there may be a progressive deterioration of hearing acuity or a delayed onset caused by the in-service noise exposure. 

Notably, the examiner had previously indicated that an opinion could not be provided without resort to mere speculation due to the fact that there is no separation audiogram for the Veteran's second period of active service. If the examiner finds that the results of audiometric testing at separation from this period are required in order to assess the likelihood that the Veteran's left ear hearing loss is related to in-service noise exposure, a complete explanation must be provided. 

Moreover, the examiner did not address the issue of whether hearing loss that first manifests some time after service may nevertheless be caused by in-service noise exposure or acoustic trauma. See 38 C.F.R. § 3.303(d) (2015) (providing that service connection may be granted for any disease diagnosed after discharge when all the evidence, including that pertinent to service, shows that the disease was incurred in service); Hensley v. Brown, 5 Vet. App. 155, 159-60 (1993) (hearing shown to be within normal limits at separation does not preclude service connection for a current hearing loss disability, although "there must still be evidence that "the current [hearing loss] disability is causally related to service."). 

Accordingly, because the March 2015 opinion is not sufficient to make an informed decision, a new opinion is required. See Barr v. Nicholson, 21 Vet. App. 303, 312 (2007) (when VA undertakes to provide a VA examination or obtain a VA opinion, it must ensure that the examination or opinion is adequate). 

The determination of the initial rating for right ear hearing loss may be dependent on the outcome of the service connection claim for left ear hearing loss. Accordingly, the Board will defer a decision on this issue. See Harris v. Derwinski, 1 Vet. App 180, 183 (1991) (two issues are "inextricably intertwined" when a decision on one issue would have a "significant impact" on the resolution of the second issue).

This opportunity should also be taken to arrange for a new VA audiological examination to assess the current level of severity of the Veteran's hearing loss. See Palczewski v. Nicholson, 21 Vet. App. 174, 181-82 (2007); 38 C.F.R. § 3.327(a) (2015) (reexaminations will be requested whenever VA needs to determine the current severity of a disability). The last examination was performed in November 2008 and is now almost seven years old. The Veteran did not report for VA examinations scheduled for April 2015 and June 2015 without explanation. Nevertheless, as the case must be remanded for the reasons discussed above, he should be afforded another opportunity to appear for a current examination. 

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for a VA audiological examination to evaluate the current level of severity of his hearing loss. The entire claims file must be made available to the examiner for review. 

A supplemental opinion must also be obtained as to the likelihood that the Veteran's left ear hearing loss is related to active service. The opinion may be provided in the above audiological examination report, but must be provided whether or not the examination is performed. 

The examiner must provide an opinion as to the likelihood that the Veteran's current left ear hearing loss was caused by in-service noise exposure from duties as a field artillery batteryman (cannoneer) and as antitank/assaultman, guided missile man during both periods of active service. The cumulative impact of noise exposure from both periods of service (i.e., August 1979 to May 1982 and March 1984 to February 1986) should be considered. The examiner should also address the likelihood that hearing loss that first manifests years after service may be caused by in-service noise exposure.

The opinion must be supported by a complete explanation/rationale. As noted above, the examiner stated in the March 2015 VA examination report that because the Veteran's second-tour duties remained the same as his first-tour duties and he did not exhibit left ear hearing loss during his first period of active service, it was unlikely his left ear hearing loss was related to in-service noise exposure on his second tour. However, this rationale is insufficient as it does not explain why normal left ear hearing during the Veteran's first period of active service leads to a finding that his hearing loss would not be related to noise exposure from his second period of service, including the possibility of hearing loss from the cumulative impact of noise exposure from both periods. It also does not address the issue of whether there may be a progressive deterioration of hearing acuity or a delayed onset caused by the in-service noise exposure. 

There is no separation audiogram for the Veteran's second period of service. If information regarding the Veteran's left ear hearing acuity at separation is required in order to render the opinion, the examiner must provide an explanation as to why such information is necessary. 

2. Finally, after completing any other development that may be indicated, readjudicate the claims on the merits. If the benefits sought are not granted, the Veteran and his representative must be furnished a supplemental statement of the case (SSOC) and afforded a reasonable opportunity to respond before the record is returned to the Board for further review.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
P. M. DILORENZO
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).